# IN THE COURT OF APPEALS
# THIRD DISTRICT

ROBERT LEE MARTIN
Appellant

VS.          03-16-00575-CR

THE STATE OF TEXAS
Appellee

RECEIVED
DEC 2 2 2016
THIRD COURT OF APPEALS
JEFFREY D. KYLE

FILED
December 22, 2016
Third Court of Appeals
Jeffrey D. Kyle
Clerk

Appeal From The 331st District Court
Travis County, Texas

Cause Number D-1-DC-95-955530

Appellant's Response To The STATE's
Appellee Brief

Now Come's Robert Lee Martin and respectfully
Submits this brief in response to that of the appellee.

# FACTS

Appellant was charged with aggravated sexual assault with a deadly weapon regarding a 1995 incident. Cherry Nash testified that appellant offered her some crack cocaine, pulled a knife on her and forced her to have oral and vaginal intercourse.

She testified that appellant threatened to kill her and during the incident she was forced through mud and water. She reported the incident the following day and picked appellant from a photo line-up.

The complainant acknowledged that she used crack cocaine and that she had a prior felony conviction for which she served time in the Institutional Division of the Texas Department of Criminal Justice. She admitted that she used crack cocaine and that she had two beers with appellant prior to the alleged assault.

Austin Police Department officer Charles Johnson testified acknowledged that drug addicts may go to extremes to get crack cocaine. [RR III 66].

2.

# Summary OF The Argument's

Appellant's appeal is timely the trial court I certify Appellant's <u>right to appeal</u> on <u>October – 11-17-2016.</u>

Appellant relies upon <u>Newly Discoverer evidence</u> I addressed in a Notice issued by the Texas Forensic Science commission on August-27-2015. It was a Notice regarding DNA mixtures analysis Conducted by Texas Crime laboratory.

Appellant Motion For DNA database Search has nothing to do with jurisdiction granted under chapter 64 of the Texas Code of Criminal procedure. Appellant Motion for DNA database Search has been pending in the 331st District Court Travis County since <u>March-2014</u> the Trial Court never Consider or ruled on it.

Appellant's Reply To Appellee's Brief

1. Appellant's Notice of Appeal was Timely

In a criminal case, appeal is perfected by timely Filing a Sufficient notice of Appeal <u>Tex.R.App. 25.2</u>

# 25.2 Criminal Cases.

[a] Rights to appeal

[2] of the defendant: a defendant in a criminal case has the right of appeal: The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other <u>appealable</u> <u>order.</u>

[b] Perfection of appeal: In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal.

[c] Form and sufficiency of Notice:
[1] Notice must be given in writing and filed with the trial court clerk.
[2] Notice is sufficient if it shows the party's desire to appeal from the judgement or other appealable oder.

[d] Certification of defendant's right of appeal: If the defendant is the appellant, the record must include the trial courts certification of defendants right of appeal under Rul. <u>25.2[a][2]</u>

4.

The Certification Shall include a notice that the defendant has been informed of his rights Concerning an appeal, as well as any right to file a pro-se petition for discretionary review. This notification Shall be Signed by the defendant, with a Copy given to him.

The Certification Should be part of the record when notice is filed but may be added by timely amendment or supplementation under this rule or Rule 34.5 [C3][i] or Rule 32.1 or by order of the appellate court under Rule 34.5 [C][2]

[h] Advice of right of appeal: When a Court enters a judgment or other appealable order and the defendant has a right of appeal, the Court [orally or in writing] Shall advise the defendant of his right of appeal and of the requirements for timely filing a Sufficient Notice of Appeal.

Notice of appeal was Timely were on April-14-2010 after holding an evidentiary hearing and examining the tests results, The trial Court issued Findings of Fact and Conclusions of law CR 19-20.

The trial court did not enter [issue] a Certification of the defendants right of appeal when it enter its April-14-2010 Findings of Fact and Conclusions of law an appealable order. Tex. Rules App. Proc. Rule 25.2(a)(2).

Tex. Rules App. Proc. 25.2 [a][2] clearly state's the trial court shall enter a Certification of the defendants right of appeal. The word shall makes it mandatory For the trial court to enter Certification each time it issue a judgment of guilt or other appealable order.

Tex. Rules App. Proc. 25.2 [a][B] clearly state's: [a] Rights to appeal [B] after getting the trial court's permission to appeal.

The trial court Failed to enter [issue] a Certification of the defendants right of appeal, when it enter its April-14-2010 order Tex. Rules App. Proc. Rule 25.2 [a][2].

6.

It's readily apparent that the trial Court did not file its Certification on the day it issue an appealable order on April-14-2010

The Trial Court Certified appellants right to appeal and gave him permission to appeal on October-17-2016 Tex. Rules App. Proc. Rule 25.2 [a][2][B]. Six years later.

Six years later the appellant's Notice of Appeal was filed on August-29-2016 this Notice of Appeal was Filed and on record when the Trial Court Certified appellants permission to appeal on October-17-2016.

The State admits this in its appellee's Brief [ See page 2 State's appellee's Brief ]

The State Further admits in its brief the same standards for any other Criminal appeal apply to any appeal of Chapter 64 hearings Tex. Code Crim. Proc. art. 64.05

7.

The appellant has Satisfied the requirements of Subsection Tex. R. App. P. 26.2 (a)(1)3.

The appellant Notice of Appeal was Filed and on record within 30 days after the trial Court Filed its Certification of the appellants right of appeal and within 30 days after getting the trial Courts permission to appeal.

Trial Courts Certified appellants right to appeal and gave him permission to appeal on October-17-2016. Appellant Filed Notice of Appeal on August-29-2016

Therefore appellants Notice of Appeal was timely and the Third Court of Appeals has jurisdiction to address the merits of the appeal. Further Tex. Rules of App. Proc. 34.5: Clerk's Record:

(a) Contents. States Unless the parties designate the Filings in the appellate record by agreement under Rule 34.2 the record must include copies of the Following:

[12] in Criminal cases a Certified the trial Courts Certification of the defendant's right of appeal under Rule 25.2 [see Dears V. state 154 S.W. 3d 610-614-615] 8. 110 S.W. 3d 174-175

II. The State's opposing argument appellant relies on Facts outside the appellate record. and he Fails to Support his arguments with evidence from the record is irrelevant.

## Argument & Authorities

First of all the Case law that the State used in its opposing argument Whitehead v State 130 S.W.3d 866-872. this Case is about an indigency determination to see if defendant is indigent plus the judgment of the Court of Appeals was reversed in part and affirmed in part.

A appellant [defendant] can raise a matter not determinable from the record for the Fact that appellant raised a matter not determinable from the record upon which he could be entitled to relief. [See Beyes v State 849 S.W.2d 812 [Tex.Crim.App. 1993] Exparte Wilson 724 S.W.2d 72-74 [Tex.Cr.App. 1987] Bandle v. State, 847 S.W.2d 576 [Tex.Cr.App. 1993]

9.

The defendant need only assert reasonable grounds for relief that are not determinable from the record in order to be entitled to a hearing. The purpose of the hearing is to fully develop the issues raised in the motion R. Jordan v. State 883 S.W.2d 664-665

## Standard OF Review

### Article 40.001 Texas Code Crim. Proc.

### New trial on Material Evidence

A new trial Shall be granted an accused where material evidence favorable to the accused has been discovered since trial. Under that statute a defendant is entitled to have his motion for new trial granted if: (1) The newly discovered evidence was unknown to him at the time of trial. (2) his Failure to discover the new evidence was not due to his lack of due diligence. (3) the new evidence is admissible and not merely cumulative, corroborative, collateral or impeaching, and (4.) the new evidence is probably true, and will probably bring about a different result at trial.

[ See Keeter V. State, 745 S. W. 3d 31-36-37 [Tex.Cr.App. 2002]

A defendant is entitled to a hearing on his Motion for New trial if the motion and accompanying affidavits raise matters not determinable from the record upon which the accused could be entitled to relief.

[See Reyes V. State, 849 S.W. 2d 812-816 [Tex. Crim. App 1993]

To be Sufficient to entitle the defendant to a hearing the Motion for New trial and accompanying affidavits need not establish "a prima Facie Case" for New trial [Jordan V. State, 883 S.W. 2d 664-665 [Tex.Cr.App.1994]

Rather they must merely reflect that reasonable grounds exist for holding that such relief could be granted."
[See Martinez v State, 74 S.W. 3d 19-22 [Tex.Crim.App. 2002]
The purpose of the hearing is to give the defendant an opportunity to fully develop the matters raised in his Motion Id. at 21

11.

If the trial court denies a hearing on the Motion For newtrial and the defendant appeals From that denial the appellate Court must review the trial Courts decision For abuse of discretion Id. at 22.

The appellant relies on newly discovered evidence that was unknow to him when the trial Court enter [issyed] its April-14-2010 Findings of Fact and Conclusions of law.

The appellant was prosecuted for an offense where the evidence used against him included a DNA mixture analysis conducted by a Texas crime laboratory.

1. This newly discovered evidece in particular: During the DNA analysis of one or more samples relating to Case Cause 955330 the Orchid Cellmark lab appears to have used the F.B.I.'s 1999 and 2001 STR Population Database, which was recently found to contain Minor discrepancies.

2. Further during the DNA analysis of one or more DNA mixtures relating to this Case Cause 935330 the Orchid Cellmark lab appears to have used a protocol [or set of procedures] that was adopted by the lab prior to recent Scientific developments relating to the interpretation of DNA mixtures.

3. A DNA mixture refers to evidence that includes DNA from more than one person. When a DNA mixture is analyzed, the laboratory report often includes a statistic, informing the prosecutor, judge, or jury how probable it is that a random person in the population who is unrelated to you could be included in the DNA mixture.

Additional information concerning these issues is addressed in a Notification issued by the Texas Forensic Science Commission on August-27-2015.
The Texas Forensic Science Commission is currently in the process of assembling a panel of experts and criminal justice stakeholders to determine what guidance may be provided to assist Tex. laboratories in addressing the issue. 13.

The appellant can support his arguments with newly discovered evidence outside of record where Material evidence favorable to the appellant has been discovered since the trial court issued its <u>April-14-2010</u> Findings of Fact and Conclusions of law.

Further because the appellant raised a matter outside of record upon which he could be entitled to relief.
[ See <u>Ex parte Wilson 724 S.W. 2d 72-74</u> ]
[ <u>Bandle v. State, 847 S.W. 2d 576</u> ]
<u>Wallace v. State, 106 S.W. 3d 103</u> [Tex Cr. Ap. 2003]

This newly discovered evidence undermine the trial courts <u>April-14-2010</u> Findings, and a reasonable probability existed that appellant would not have been prosecuted or convicted if the DNA results were exculpatory.

III. Appellant's Reply to the State's Opposition that His Motion Should be Dismiss For lack of Jurisdiction.
Appellant Filed Motion for <u>access</u> to the State's <u>DNA database</u> to discover the number of occurrences of the <u>13 loci</u> genetic profile within that database. 14.

The appellant needs the number of occurrences of the 13 loci genetic profile within the State of Texas DNA database to be able to attack the statistical accuracy of the March-10-2010 Orchid Cellmark laboratory DNA test results identifying him as the perpetrator.

Appellant Motion For DNA Database Search it is readily apparent that it has nothing to do with jurisdiction granted under Chapter 64 Tex. Code of Crim. Proc.

The trial court in its April-14-2010 Findings admitted the 13 loci genetic profile evidence Appellant filed this Motion requesting the trial court to use it's authority to order a search of the State of Texas convicted database for all occurrences of the 13 loci profile.

A trial court cannot bar a defendant's access to evidence that could have assisted him in establishing his innocence by possibly casting a serious doubt on the state's identification evidence.
To do so would call into question the integrity of the criminal process.

15.

The State's primary evidence identifying appellant as the offender was a 13 loci analysis between his DNA profile and a male DNA profile obtained from the victims vaginal swabs.

The State provided the trier of fact with this statistical analysis evidence which purports to explain the rarity of a certain DNA profile. [ See U.S. v Jenkins, 887 A. 2d 1013 [D.C. Court of App 2005]

## Conclusion

Appell seeks to contextualize the theoretical scientific conclusions in his case by examining the probability of finding a 13 loci profile matches in the State of Texas convicted offender DNA database.

As the State was able to introduce the astronomical statistics in regard to 13-loci macthes, it would certainly be both material and relevant to counter those statistics with the probability of finding a 13 loci macthes in the Texas database. The State has unlimited and unfettered acess to Texas convicted database.

16.

Appellant's Motion For DNA Database Search is in the Clerk's Supplemental record forward to the Third Court of Appeal's on November-9-2016 in Case Cause No. 955530 and the Court has jurisdiction to address the merits of appellants Motion.

## PRAYER

Wherefore all the reasons stated above the Appellant requests that the Court overrule all of the State's Opposition and grant his Appellant Brief.

Respectfully, Submitted

Robert Lee Martin

## Declaration

I, Robert Lee Martin #1050629 presently incarcerated on the W.P. Clements Jr. State prison unit in Potter County, Texas declare under penalty of perjury that the Forgoing Statements are true and Correct.

Executed on December-14-2016

Robert Lee Martin

# CERTIFICATE OF SERVICE

I hereby Certify that on 14th day of December 2016, a true and correct copy of this brief was served upon the following parties by U.S. Mail

Matthew Foye
Assistant District Attorney
P.O. Box 1748
Austin, Texas 78767

Clerk Jeffrey D. Kyle
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

Robert Lee Marts
appellant-pro-se

Signed on December-14-2016

18.

# 1050629
Robert Lee Martin
Clements Unit
9601 Spur 591
Amarillo, Tx 79107-9606

December-14-2016

Jeffrey D. Kyle, Clerk
Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

RECEIVED
DEC 2 2 2016
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Re: Cause No.
953530
Appellants response
to the States appellee's
Brief

Dear Clerk

Enclosed you will find appellants Robert Lee Martin
response to the States appellee's Brief would
you please file and bring to the attention
of the Third Court of Appeals.

Thank you for your consideration

Sincerely
Robert Lee Martin

OK 2/3

#1050629
Robert Lee Martin
Clements Unit
9601 Spur 591
Amarillo, Tx.
79107-9606

Legal
Mail

Jeffrey D. Kyle clerk
Third Court of Appeals
P.O. Box 12547
Austin, Tx
78711-2547